Eleanor KRAMER, Plaintiff,

v.

BOARD OF EDUCATION et al., Defendants.

No. 75 Civ. 4302 (CHT).

United States District Court, S. D. New York.

July 28, 1976.

Eleanor Kramer, pro se.

W. Bernard Richland, Corp. Counsel, New York City, for defendants, Carol Noymer, Asst. Corp. Counsel, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendants seek an order of this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in their favor dismissing the complaint in this action. For the reasons set forth below, the motion is granted.

Plaintiff, *pro se,* Eleanor Kramer alleges that she was the subject of unlawful discrimination when her employment was terminated on June 28, 1970, in that the termination was based on racial and sex-based discrimination. She further alleges that there was a "failure to re-instate when openings or positions occurred." (Complaint ¶ 9). The action is brought pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e *et seq.,* and jurisdiction is premised upon 42 U.S.C. § 2000e–5.

Defendant claims that this Court does not have jurisdiction over the subject matter of this action since the alleged discrimination occurred in June of 1970, prior to the amendments to Title VII, and at a time when the provisions of Title VII were not applicable to municipalities or their subdivisions. Defendant further claims that there has been no continuing discrimination such as would invoke the jurisdiction of this Court.

█ Clearly, the sweep of Title VII was broadened by the 1972 amendments which brought municipalities and their subdivisions within the meaning of the term "employers" under the Act. *Monell v. Department of Social Services,* 532 F.2d 259 (2d Cir. 1976). Equally clearly, the expanded provisions of Title VII do not apply retroactively to allegations of discrimination occurring prior to the effective date of the amendments on March 24, 1972. *Id.; Weise v. Syracuse University,* 522 F.2d 397, 410–11 (2d Cir. 1975). This is equally so as it applies to claims for back pay as well as reinstatement. *Hunter v. Model Cities Administration,* 75 Civ. 4201 (S.D.N.Y., March 19, 1976), at 4.

█ There is no dispute that the alleged act of discrimination took place on June 28, 1970, and that the effective date of the amendments, as applied to these defendants, was March 24, 1972. This Court holds that these defendants were not subject to Title VII at the time of the alleged discrimination and that consequently this Court lacks jurisdiction over the subject matter of this action.

Plaintiff in a reply to the defendants' motion has made the bare and unsupported allegation that "discriminatory actions have and continue to take place, up to the present time. . . ." (Reply to Motion for Summary Judgment, dated July 9, 1976). This appears to be an extension of the original claim that, once terminated, defendants failed to rehire plaintiff despite her lack of reapplication. As such this

would fail to be of aid to plaintiff since it has not been demonstrated that plaintiff sought and was refused employment after the effective date of the amendments. However, in an abundance of caution, the Court will order the grant of defendants' motion unless the plaintiff can affirmatively demonstrate that she actively sought and was denied employment by these defendants for racially discriminatory reasons after March 24, 1972. This showing must be made within twenty days of the filing of this order. Should the appropriate documentation be filed, then the Court will reconsider the instant motion in light thereof.

Accordingly, the defendants' motion for summary judgment is granted dismissing the complaint in this action unless the plaintiff files a motion for reconsideration with appropriate supporting documentation within twenty (20) days of the filing of this order as specified above.

So ordered.